JOB S. ARNOLD v. WM. MAIDEN.

JOB S. ARNOLD v. ELISHA T. TILFORD.

[Abstract Kentucky Law Reporter, Vol. 5—334.]

**Enforcement of Special Warranty.**

Where a grantor sells and conveys land to a grantee having no title whatever in the land, he is liable to the grantee where he has represented to him that he had title.

APPEALS FROM OHIO CIRCUIT COURT.

October 11, 1883.

OPINION BY JUDGE PRYOR:

When Arnold sold to the appellees the land in controversy it is evident he sold with the belief, and that the appellees purchased upon the representations made by him, that his title was good. They were paying him the full value of the land, and the proof conduces strongly to show that he was to execute a deed with general warranty. His own statement shows that he had sought advice from an attorney, and upon that advice he sold the land as belonging to him, when in fact he had no title, as the original owner from whom the title was derived had sold it to Jas. A. Burden.

The heirs of the owner, Pearce, filed a petition to subject the land to the payment of the purchase-money notes. The appellant and appellees were made parties to that action and the lien enforced, and the purchaser placed in possession. This deprived the appellees of all title, if they ever had any, and having paid to the appellant the purchase-money they had nothing with which to discharge the lien held by the heirs or representatives of Pearce. It was the duty of the appellant to pay off this lien, or secure the title to the appellees. The special warranty implies or is an express covenant that the appellant had some title, but it turns out that he had no title; and with the fact that he represented his title as good and the additional fact that upon the faith of this representation the purchase was made, we think the court acted properly in making appellant liable for the loss sustained by appellees. They ought not to be denied

relief when the appellant had no right to the land and they acquired nothing by their purchase.

A covenant of special warranty did not relieve the appellant from his obligation to make the title good as represented. By the covenant he says the title is good as between him and the commonwealth, but declines to say that there is no adverse claim superior to his. Here the vendor had no title, and the judgment subjecting the land in a proceeding to which he was a party, as well as the appellees, to the lien evidenced by the contract between Pearce and Burgin and the sale under it, confirmed by the court, and the writ of possession issued, was an eviction. At least the parties were not compelled to wait until they were turned out by the sheriff. See *Bodley v. McChord,* 4 J. J. Marsh. (Ky.) 475. The appellant does not attempt to show that the appellees could have made any defense to the suit against Burgin, nor does he attempt to show any title in himself. If the special covenant had to be construed as requiring the appellees to hold under their deed without any relief in the absence of some mistake or fraud, then it clearly appears that the appellant represented his title as good, and it is not reasonable to suppose that the parties would have paid the value of the land upon no title whatever.

The judgment is *affirmed* in both cases.

*McHenry & Hill, for appellant.*

*Wm. Lindsay, for appellees.*